## McNEAR v. LITTLE RED RIVER LEVEE DIST. NO. 2 OF WHITE COUNTY, ARK., et al.

(Circuit Court of Appeals, Eighth Circuit. November 3, 1923.)

No. 6322.

1. **Levees and flood control ⬤⟶34—District has only statutory authority to issue bonds.**

An Arkansas levee district has no authority to issue bonds, except such as is conferred on it by Crawford & Moses' Dig. Ark. § 6826.

2. **Courts ⬤⟶366(1, 3)—State court's decision, construing state statute, binding on federal court, but such decision on analogous statute is not.**

A decision of a state Supreme Court, construing the particular section of a state statute under consideration, is binding on a federal court; but such a decision on a section of another statute wholly analogous to the section under consideration is simply persuasive.

3. **Levees and flood control ⬤⟶34—Bonds of subsequent issues on parity with bonds of first issue, where total sum does not exceed statutory limit.**

Under Crawford & Moses' Dig. Ark. § 6826, authorizing a levee district to issue bonds in sums not exceeding the estimated benefits accruing to the lands by reason of the reclamation work contemplated, where the aggregate amount of bonds issued did not exceed the total benefits to accrue, bonds of the second and third issue stand on a parity as to seniority with bonds of the first issue.

Appeal from the District Court of the United States for the Eastern District of Arkansas; Jacob Trieber, Judge.

Proceeding by Charles Weber McNear against the Little Red River Levee District No. 2 of White County, Ark., and others. From the decree rendered, plaintiff appeals. Affirmed.

Charles Claflin Allen, Jr., of St. Louis, Mo. (Ashley Cockrill and H. M. Armistead, both of Little Rock, Ark., on the brief), for appellant.

J. Merrick Moore, of Little Rock, Ark. (John M. Moore, W. B. Smith, and H. M. Trieber, all of Little Rock, Ark., and Rassieur & Long, of St. Louis, Mo., on the brief), for appellees.

Before STONE, Circuit Judge, and MORRIS and FARIS, District Judges.

FARIS, District Judge. This case presents but a single question. That question is whether the holders of a second and third issue or series of bonds of appellee levee district are entitled to participate ratably in the division of the proceeds of a fund in the registry of the District Court. This fund it seems is and represents all that will ever

be paid in liquidation of these several issues of bonds. The court below held that the holders of the second and third issues of bonds should share equally and ratably with the holders of the first issue. The correctness of this holding is attacked by this appeal upon the following facts:          •

Appellee levee district is a quasi municipal corporation organized pursuant to certain general statutes of the state of Arkansas, for the purpose of draining and reclaiming the swamp lands contained within such district. The statute pursuant to which the bonds were issued reads thus:

"At such meetings the reports and estimates of the engineers, the assessments of the assessors (and an estimate of the probable cost of said work) shall be laid before the landowners present, and if a majority of the landowners present, either in person or by proxy, shall vote in favor of said work, it shall be the duty of the board of directors to cause the same to be constructed in accordance with the reports and estimates of said engineers, as nearly as may be; to that end the board of directors shall have power and authority to levy a tax upon the betterment estimated to accrue to said lands by reason of said work, sufficient to pay the cost thereof, which said tax may be paid as a whole or in such annual installments as the board of directors may decide: Provided, that when such assessment shall be payable in annual installments the treasurer of such district shall collect each year only the annual installments due for such year, and any delinquent installments; and such boards of directors may issue interest-bearing evidences of indebtedness which may be either negotiable or nonnegotiable and in such form and payable at such time or times as the board of directors may by resolution declare, and to secure the prompt payment thereof may pledge the property and revenue of such district: Provided, such evidence of indebtedness shall not bear a rate of interest exceeding six per centum per annum, nor shall the total thereof exceed the estimated betterment to accrue to such land by reason of such work." Section 6826, Crawford & Moses' Digest.

In the year 1914 the levee district, *under the sole authority of the statute above quoted,* issued bonds in the sum of $85,000. For the payment of this issue of bonds, the levee district pledged the lands of the district and the taxes levied against the betterments accruing to such lands by reason of the proposed drainage and reclamation thereof. This pledge took the form (in a very qualified sense) of a mortgage upon the property and revenues of the district, for it provided that:

"Little Red River levee district No. 2, of White county, in the state of Arkansas, doth hereby pledge, assign, transfer, mortgage, and set over to the said Mercantile Trust Company, of the City of St. Louis, in the state of Missouri, the property and revenues of the district, including all uncollected assessments levied by this board on the real property, railroads, and tram roads in said district, together with all assessments that may hereafter be levied thereon; * * * the intention of this pledge being to give the bondholders a first and preferred lien upon all taxes levied and to be levied, and upon the entire revenues of the district from whatever source derived, and to permit the board of directors to appropriate for other lawful purposes only the surplus remaining out of the revenues of the particular year after provision has been made for interest and principal maturing in that year; and for all delinquencies of interest and principal."

Thereafter, this first issue of bonds proving insufficient to complete the work contemplated, the levee district in the year 1915 issued $20,-000 more in amount, and in the year 1917 $40,000 more of bonds. These two latter issues, as was the first issue, were attempted to be

secured by pledges, in the similar guise of mortgages or deeds of trust, which pledges, except as noted hereafter, as did the pledge for the first issue, gave it as the intention of the district to give the bondholders a first and preferred lien upon all taxes levied and to be levied and upon the entire revenues of the district from whatever source derived. The pledge in the case of the third issue omitted the words "first" and "preferred."

Originally, the Mercantile Trust Company, of St. Louis, Mo., was named as trustee in these pledges. Later it resigned, and appellant became trustee in its stead. Upon insolvency, of a sort not necessary to set forth in detail, proceedings were begun by the substituted trustee for the benefit of the holders of the first issue of $85,000 of bonds, which resulted in the payment into court of the sum of $6,500, now here in controversy. Pending distribution of this fund, the Lafayette South Side Bank, of St. Louis, Mo., as the holder of all of the second issue, or series of bonds, and of a part of the third issue or series, intervened, praying for an order decreeing it to be entitled to share ratably in the distribution of this fund of $6,500 with the holders of the bonds of the first series or issue. The trial court held that the distribution should be made ratably, and the trustee, who was plaintiff below, appealed, and thus the question mooted in the beginning of this opinion arises. In the arguments of counsel much stress was put upon the question whether the bonds forming the bone of contention were *issues* of bonds, or *series* of bonds. In the light of the view which we are constrained to take of the case, nomenclature seems to be largely immaterial.

[1] It is conceded, as said already, and necessarily it must be conceded, that the levee district had no authority to issue any bonds, of any or either issue or series, save and except such power so to do as was conferred upon it by section 6826, Crawford & Moses' Digest, supra. Reference to the above statute discloses that it confers power on the board of directors of the levee district to "pledge the property and revenue of such district," provided the total of such pledges shall not "exceed the estimated betterment to accrue to such land by reason of such work." Here the betterments, as estimated to accrue, amounted to the sum of $322,730, while the whole of the three issues of bonds here in question aggregated only the sum of $143,000, a sum well within the limitations fixed by the statute upon the power of the district to issue bonds.

[2] No decision of the Supreme Court of Arkansas has been called to our attention expressly construing section 6826, supra, which section seems to us to rule this case. Since the only authority of the levee district to issue all the bonds in question is bottomed upon said section 6826, the meaning put upon it by the Supreme Court of Arkansas would bind us and settle the case. But the Supreme Court of Arkansas, in a case wholly analogous, has held that:

"When there is authority for the issuance of bonds up to a certain amount for a given purpose, the purchasers of the bonds first delivered must take notice of the fact that there may be other bonds issued for the same purpose, standing upon an equality with those then issued, and subsequent purchasers of bonds must take notice that there may have been prior deliveries of bonds

under the same authority." Hoehler v. Worthen Co., 154 Ark. 455, 243 S. W. loc. cit. 824.

While the Supreme Court of Arkansas, in the case above cited and quoted, was not, as said already, construing the section of the Arkansas statutes which rules this case, it was construing a local statute and a situation wholly analogous. Its opinion is, then, not binding on us, but simply persuasive. However, it follows the reason of the situation confronting us.

[3] Section 6826, supra, under authority of which the board of directors of the levee district acted in the instant case, conferred power on the levee district to pledge the property and the revenues of the district for the payment of bonds issued by the levee district for doing the work of drainage and reclamation, but this statute did not specify the form of such pledge. This section, as already said, likewise conferred power upon the levee district to *issue bonds in a sum not to exceed the estimated benefits which should accrue to the lands in the district by reason of the reclamation work contemplated*. The section of the local act construed by the Supreme Court of Arkansas in the Worthen Case authorized the road district "to borrow money not exceeding the estimated cost of the work," and it provided that the amount to be borrowed and the aggregate of the bonds issued should not exceed 30 per cent. of the total assessed value of the real property in the district. But one conclusion seems sustainable, and that is the conclusion which was reached by the Supreme Court of Arkansas in the Worthen Case. This conclusion is that, since the work was to be done, and since the levee district had the statutory power to issue enough bonds with which to do it, so long as such amount so issued should not exceed in amount the estimated betterments to accrue from doing it, all subsequent bondholders were saddled with notice of the statutory power residual in the district, and took with notice of such power and of the probability of its exercise, within the statutory limitations. Of course, if the bonds issued had exceeded in the aggregate the statutory limit, a different question might be presented, certainly with regard to such excess. The power exercised by the levee district was derived wholly from the statute. In short, it was statutory, and not contractual, in the sense that the levee district was free to make any contract it saw fit. But it was not thus free, it is obvious. It could only contract within the limits of the statute. This statute we construe as permitting the levee district to issue bonds in such sums and at such times as it saw fit, for the doing of the work contemplated, so long as such aggregate amount of bonds so issued did not exceed the sum total of the betterments to accrue, as the latter were estimated of record, and that such bonds, as and when so issued, stand upon a parity as to seniority.

This construction of the statute seems fully warranted by its terms, it is in consonance fully with the view of the Arkansas Supreme Court upon a case involving a similar situation, and it would appear that any other view might entail far-reaching and mischievous consequences, so obvious as not to require exposition.

It follows that the view of the learned trial court was correct, and that this case ought to be affirmed, which is accordingly ordered.